Filed 12/4/24  P. v. Le CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br> v.<br><br>HAI VAN LE,<br><br> Defendant and Appellant. | D084225<br><br><br>(Super. Ct. No. ERC2462) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Appeal dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

MEMORANDUM OPINION

Hai Van Le appeals an order extending for two years his civil commitment under Penal Code[1] section 1026.5 as a person who was previously found not guilty by reason of insanity (NGI).  On appeal, Le's appointed counsel raises no arguable issues but asks us to independently

---

[1]     All further undesignated statutory references are to the Penal Code.

review the record for reversible error.  However, we agree with the reasoning and holding in *People v. Martinez* (2016) 246 Cal.App.4th 1226 (*Martinez*) that the procedures set forth in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) do not apply to an extension of an NGI civil commitment.  Accordingly, we dismiss this appeal without conducting an independent review of the record pursuant to *Anders/Wende* or otherwise.

I.

In 1990, Le was found not guilty by reason of insanity on a charge of attempted murder (§§ 187, subd. (a), 664).  He was committed to a state hospital pursuant to section 1026 until February 12, 2006.  Thereafter, his NGI civil commitment was extended for two-year periods pursuant to section 1026.5 and, eventually, through May 11, 2024.

In January 2024, the People filed a petition to extend Le's NGI civil commitment for an additional two years pursuant to section 1026.5.  The petition alleged Le was still suffering from a mental disease, defect, or disorder and by reason of such mental disease, defect, or disorder represented a substantial danger of physical harm to others.  In support of the petition, the People attached an affidavit from the medical director of the state hospital, who opined that because of Le's mental disease, defect, or disorder, he represented a substantial danger of physical harm to others.  The trial court subsequently appointed two doctors to examine Le pursuant to section 1026.2.

Le's trial commenced on May 21, 2024, and Le was represented by counsel.  At trial, the People presented testimony from three psychologists, including the two the court appointed.  Le did not present any evidence.  After considering the evidence and arguments of counsel, the jury found the

2

petition's allegation that Le met the criteria for extension of his commitment under section 1026.5 to be true. The court then ordered Le's commitment extended for two years through May 11, 2026. Le filed a timely appeal.

II.

We appointed counsel to represent Le on appeal. Counsel filed a brief summarizing the facts and proceedings below. He requests that we independently review the record on appeal under *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*). Counsel does not identify an arguable issue on appeal but generally directs this court's attention to "[w]hether the evidence was sufficient to support the jury verdict sustaining the petition to extend appellant's commitment[.]" Le was provided a copy of counsel's brief and informed of his right to file a supplemental brief. In his letter brief, Le raises no arguable issues and again requests that we exercise our discretion to independently review the record under *Ben C.*

In *Ben C.*, the Supreme Court held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.). (*Ben C.*, *supra*, 40 Cal.4th at p. 539.)

In *Martinez*, the court discussed *Ben C.* and other relevant cases and held that "due process does not require an appellate court to conduct an independent review of the appellate record for possible issues in an appeal from an extension of an NGI's civil commitment." (*Martinez, supra*, 246 Cal.App.4th at p. 1230.) *Martinez* reasoned: "Just as there are protections in place in conservatorship proceedings to guard against an erroneous conclusion ([*Ben C.*, *supra*], 40 Cal.4th at p. 542), so too are there procedures in place to protect one committed to a state hospital pursuant to section 1026.5. Consequently, the risk that failure to adopt *Anders*'s

3

procedure in appeals from a civil judgment extending an NGI's civil commitment will result in an erroneous resolution on appeal is negligible." (*Martinez*, at p. 1239.) Accordingly, *Martinez* dismissed the appeal without conducting an independent review of the record. (*Id*. at p. 1240.)

We agree with the reasoning of *Martinez* and apply it to this appeal. We thus decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case pursuant to *Anders/Wende* or otherwise. (*Martinez*, *supra*, 246 Cal.App.4th at p. 1240.)

Appointed counsel followed the procedures outlined in *Ben C.* by filing a brief informing this court that he found no arguable issues and setting out the applicable facts and law. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) Le was provided with a copy of the brief and informed of his right to file a supplemental brief. Le elected to do so, but his letter brief raises no arguable issues. Because no reasonably arguable issues have been raised by counsel or Le, we dismiss the appeal. (*Martinez, supra*, 246 Cal.App.4th at p. 1240.)

## III.

The appeal is dismissed.

KELETY, J.

WE CONCUR:


IRION, Acting P. J.


CASTILLO, J.

4